**NATIONAL FOODS, Inc., v. UNITED STATES.**

No. 42661.

Court of Claims.

Feb. 3, 1936.

George N. Murdock, of Chicago, Ill., for plaintiff.

J. H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff is a corporation which was, during the period under consideration, engaged in the manufacture and sale of oleomargarine under various trade-names. On March 28, 1933, the plaintiff filed a claim for refund of taxes in the sum of $36,713.20, being the amount of stamps purchased from April, 1929, to May, 1930, both inclusive, and alleged to have been used in paying tax on its products. The basis of this claim was that its products were not subject to tax, and that the tax had been wrongfully collected. This claim was rejected by the Commissioner, and the plaintiff now seeks to recover $25,459.50 thereon by this suit.

The defendant sets up the following defenses:

(1) That the plaintiff is not the proper party to maintain the suit as it is not the owner of the claim upon which the action is brought.

(2) That the claim has been waived through the acceptance of an offer of compromise negotiated between the defendant and the receiver of plaintiff. In connection with this second claim it appears that, subsequent to the time when the taxes in question were paid, a receiver was appointed for plaintiff company who entered into a compromise agreement for the settlement of the tax account of plaintiff. Plaintiff, however, claims that the receiver had no authority to make such an agreement.

(3) That there is no foundation for a refund claim on the part of any one for the reason that plaintiff's products were properly taxed and the government collected no more than was due.

(4) That the court has no jurisdiction to review the findings of the Commissioner.

As the third of the above-named defenses, if sustained, will make it unnecessary to consider the other three, this defense will be first taken up.

The evidence shows that the plaintiff in the manufacture of the products taxed used skimmed milk or milk powder in connection with certain vegetable oils. In the process employed, the oil was melted, put in an emulsifying machine, and at a certain temperature was churned with skimmed milk. When the oils and skimmed milk were emulsified the mixture was sprayed into very cold water, thus changing it into the form of crystals. Afterwards it was kneaded to the proper consistency, and salt was added. Milk is a natural emulsifier, and the churning of the compound with skimmed milk gave to the finished product a lactic acid or butter flavor. The use of skimmed milk carried a casein or curd into the product which improved both its texture and flavor. The finished product contained some butter fat, which is an animal fat.

The plaintiff claims that in making its products it used vegetable oils and no animal fat, and that for this reason it was not taxable under the statute.

■ We think this contention cannot be sustained for two reasons: First, because plaintiff used skimmed milk in manufac-turing its product and skimmed milk, as we have found, contains an animal fat. True the quantity of fat is small, but this does not exempt the mixture from the statute. Second, because the plaintiff's product was made in imitation or semblance of butter and when so made is taxable under the provisions of section 2 of the Act of August 2, 1886.

This case is quite similar to the case of John F. Jelke Co. v. United States, 63 Ct.Cl. 370, 378, except that if anything the case of the government as now presented is somewhat stronger. In the Jelke Case, supra, the same process was used as is shown in the case before us. Skimmed milk was churned with vegetable oils in the same manner, producing a flavor and aroma of butter. The court said with reference to the Jelke Case: "Water may be used instead of skim milk, and the product would, for all practical purposes, be identical with that produced by the use of skim milk. What, then, could be the purpose of using the more expensive mixing medium, except to obtain the slight butter semblance resulting from the use of skim milk?" —and held the product taxable.

In Miller v. Nut Margarine Co., 284 U.S. 498, 508, 52 S.Ct. 260, 263, 76 L.Ed. 422, it was said (referring to the act as it then stood): "The language used in the original act was not sufficiently clear and definite to include products containing no animal fat." In the instant case, the evidence shows that the product contained animal fat. It is true the quantity was small, but the final result of the mixture of skimmed milk which contained the fat was to give the product the texture, flavor, and semblance of butter, and we think it was taxable.

■ We also think that the facts set forth in finding 5 show that the plaintiff is not in any event the owner of the claim upon which suit is brought, and is therefore not entitled to maintain the suit.

In view of what we have stated above, it is not necessary to consider the other defenses set up by defendant. Plaintiff's petition must be dismissed, and it is so ordered.